UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| DAVID C. HEMMELGARN<br><br>                    Plaintiff,<br><br>  V.<br><br>CITY of SEATTLE, a municipal corporation,<br><br>                    Defendant | CASE NO. C13-02188 RSM<br><br>ORDER DENYING MOTION TO REMAND AND STRIKING MOTION FOR SANCTIONS AS MOOT |

## I. INTRODUCTION

This matter comes before the Court on pro se Plaintiff David Hemmelgarn's Motion to Remand (Dkt. # 7) and his Motion for Sanctions (Dkt. # 10). The substance of both motions concerns Defendant City of Seattle's (the "City") removal of the action from King County Superior Court. Plaintiff contends that City's notice of removal was procedurally improper because removal was not initiated within thirty days after the City's receipt of service of the complaint as required under 28 U.S.C. § 1446(b)(1). For the reasons that follow, Plaintiff's motion to remand is denied, the motion for sanctions is stricken as moot, and Plaintiff is directed to file an Amended Complaint within twenty-one (21) days of this Order.

## II. BACKGROUND

Plaintiff filed this employment discrimination action in King County Superior Court on August 27, 2013 under Cause Number 13-2-31021-0 SEA. Complaint, Dkt. # 1-1, p. 4. Plaintiff

states that Defendant was properly served on that same day. Dkt. # 7, ¶¶ 5, 7. The City filed a Notice of Removal to this Court on December 6, 2013, more than three months after the Complaint was filed. Dkt. # 1. Therein, it articulated federal question jurisdiction as the basis for invoking removal under 28 U.S.C. § 1441(c). The City argues that because federal question jurisdiction was not evident from the face of Plaintiff's Complaint, removal on this basis became proper only when Plaintiff was deposed and testified that he sought to assert claims under 42 U.S.C. § 1983 and other claims under the United States Constitution. Plaintiff now seeks to have the case remanded to state court. He contends that the notice of removal was untimely, and that the City had notice of his federal claims from both the face of the Complaint and prior communications. Plaintiff's primary concern is that he does not want to litigate the case in both federal and state court.

### III. DISCUSSION

As an initial matter, the Court addresses Plaintiff's concern that if the case is not remanded to state court in its entirety, then the state and federal claims will be litigated in parallel proceedings. Plaintiff has made an incorrect assumption about whether this Court must sever the state law claims from the federal action. Under 28 U.S.C. § 1367(a) "district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." Where, like here, federal and state law causes of action appear to concern the same underlying set of factual assertions, the district court has jurisdiction over the entire complaint. Thus, Plaintiff's fears on this issue are misplaced.[1]

---

[1] Aside from the claim splitting concern, Plaintiff states that "[f]rom [his] perspective, it makes little difference . . . whether [his] claims are heard in Federal or State Court." Dkt. # 7, ¶ 13.

**A. Removal was Proper**

The only reference to federal law in the Complaint is as follows: "[a]s a result of defendant's actions, plaintiff has suffered . . . emotional distress, economic loss, *and deprivation of his liberty and property interests as protected by State and federal law* applicable to this matter." Dkt. # 1-1, p. 6 (¶ 14). Each of Plaintiff's enumerated causes of action, however, relate solely to Washington statutory or common law. *Id.* at pp. 6-7.

Defendant rightly chose not to remove the case on the basis of federal question jurisdiction. As this Court noted previously, "[f]ederal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Shelley's Total Body Works v. City of Auburn,* No. C07–0126–MJP, 2007 WL 765205, at *2 (W.D.Wash. Mar.9, 2007). The City contends that it did not have a sufficient basis to seek removal until Plaintiff was deposed on November 7. 2013. When deposed, Plaintiff testified that he intended to assert federal causes of action in this lawsuit. Once Defendant obtained that testimony, it then believed it had identified a proper basis for removal to this Court.

Title 28 U.S.C. § 1446(b)(3) provides in relevant part:

> if the case stated in the initial pleading is not removable , a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order, or other paper from which it may be first ascertained that the case is one which is or has become removable.

The City removed the action on December 6, 2013, within thirty days of the date that it discovered the specific nature of Plaintiff's federal claims. Importantly, "a plaintiff's response to deposition questions can constitute "other paper" within the meaning of section 1446(b)[.]"

*Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (citing *Peters v. Lincoln Elec. Co.,* 285 F.3d 456, 466 (6th Cir.2002) (collecting cases)). Although Plaintiff states that the city has been on notice for several years that he intended to raise federal claims, he has failed to provide evidence of an "other paper" that would satisfy § 1446(b)(3). *Cf. id.* at 885-86 (concluding that "other paper" does not include a document received prior to the initial pleading). Removal was therefore proper under 28 U.S.C. § 1446(b)(3). Accordingly, Plaintiff's motion to remand is denied. Because the Court finds that removal was proper, Plaintiff's motion for sanctions is stricken as moot. Plaintiff is directed to file an Amended Complaint that articulates both the state and federal causes of action he intends to assert against the City within twenty-one (21) days of this Order.

## IV. CONCLUSION

Having considered the motions, the responses and replies thereto, the declarations and attached exhibits, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Remand (Dkt. # 7) is DENIED;

(2) Plaintiff's Motion for Sanctions (Dkt. # 10) is STRICKEN AS MOOT;

(3) Plaintiff is directed to file an Amended Complaint as addressed above;

(4) The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record.

DATED this 13th day of March 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE